UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DANIEL LUGO,

        Plaintiff,

v.

CASE NO.

SOMERSET SHOPPES FLA, LLC,

        Defendant.
_____/

## COMPLAINT

Plaintiff, Daniel Lugo, by and through his undersigned counsel, hereby sues the Defendant, SOMERSET SHOPPES FLA, LLC (hereinafter "Somerset"), for injunctive relief pursuant to the Americans With Disabilities Act, 42 U.S.C. §12181, et seq. (hereinafter, the "ADA") and in support thereof states as follows:

## JURISDICTION

1. This court has subject-matter jurisdiction since this action arises pursuant to 28 U.S.C. § 1331 and §1343 and Plaintiff's claims arise under 42 U.S.C. §12181 et seq. based upon Defendant's violations of Title III of the ADA.

## VENUE

2. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) because the property that is the subject of this action is situated within this district and the events giving rise to the claims asserted herein occurred in this district.

## PARTIES

3. Plaintiff, Daniel Lugo, is an individual residing in this district who is over eighteen years of age and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited in performing one or more major life activities, including walking, due

to permanent damage to his spinal cord as a result of a broken neck caused by a motor vehicle accident. Plaintiff must use a wheelchair to ambulate. Plaintiff also has limited use of his hands and fingers. Plaintiff's access to the premises described below consisting of the exterior areas and interior tenant spaces (hereinafter, the "Property") and his full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein were restricted and limited because of Plaintiff's disabilities and will be restricted in the future unless and until Defendant is compelled to remove the physical barriers to access and cure the ADA violations that exist at the Property, including but not limited to those set forth in this Complaint. Plaintiff intends to return to the Property soon to avail himself of the goods and services offered to the public at the Property.

4. Defendant transacts business within this judicial district within the State of Florida by, inter alia, being the owner and/or operator of the Property, which is a shopping center located at the northeast corner of Lyons Road and Glades Road in unincorporated Boca Raton, Florida, known as Somerset Shoppes.

## CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA

5. On July 26, 1990, Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing said discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. (42 U.S.C. § 12101(b)(1)-(4).

6. Places of public accommodation were provided with one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if the defendant had ten or fewer employees and gross receipts of $500,000.00 or less).

7. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA, 28 C.F.R., Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if the defendant had ten or fewer employees and gross receipts of $500,000.00 or less).

8. The Property is a place of public accommodation pursuant to the ADA.

9. In September, 2011 Plaintiff attempted to, and to the extent possible, accessed the Property but could not do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including but not limited to those barriers, conditions and ADA violations set forth in this Complaint.

10. Plaintiff intends to visit the Property again in the near future in order to utilize the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property, but he will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including, but not limited to those barriers, conditions and ADA violations set forth in this Complaint.

11. Defendant has discriminated against Plaintiff (and others with disabilities) by denying him (them) access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property in violation of the ADA and will continue to discriminate against Plaintiff (and others with disabilities) unless and until Defendant is compelled to remove all physical barriers that exist at the Property, including but not limited to those set forth in this Complaint, thus making the Property accessible to persons with disabilities, such as Plaintiff, as required by the ADA.

12. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude or limit Plaintiff's ability (because of Plaintiff's disability) to access the Property and/or fully and equally enjoy the goods, services, facilities, privileges, advantages and/or accommodations of the Property, includes (the applicable ADAAG sections are also denoted):

a) Disabled parking spaces that are not properly dispersed and located (in violation of ADAAG 4.6.2);

b) No accessible route from the public sidewalk and transportation stops to the facility (in violation of ADAAG 4.3);

c) Non-compliant accessible routes from the disabled parking spaces to the facility (in violation of ADAAG 4.3 and ADAAG 4.6);

d) Lack of directional signage informing persons with disabilities as to the compliant accessible route from the disabled parking spaces to the accessible ramp and accessible entrance (in violation of ADAAG 4.6.4);

e) Non-compliant door hardware on multiple doors to permanent rooms and spaces that require tight pinching and grasping to operate (in violation of ADAAG 4.13.9);

f) Lack of signage and policies in place to assist persons with disabilities within the facility (in violation of ADAAG 4.30);

g) Non-compliant service counters in multiple stores (in violation of ADAAG 7.2);

    h) Non-compliant aisle widths and accessible routes within the tenant spaces (in violation of ADAAG 4.3.2 and 4.3.3), and

    i) Non-compliant accessible public restrooms within the tenant spaces (in violation of ADAAG 4.1.3, 4.19 and 4.22).

14. The above listing is not intended to be an all-inclusive list of the barriers, conditions and violations of the ADA encountered by Plaintiff and existing at the Property. Plaintiff requires a full and complete inspection of the Property, with full access thereto, in order to determine all of the Defendant's discriminatory acts violating the ADA.

15. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and is technically feasible. 42 U.S.C.A. §12182 (b)(A)(iv) and 42 U.S.C.A. §12183(a)(2), ADAAG 4.1.6(1)(j).

16. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including but not limited to those set forth herein.

17. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendant, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

18. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order to alter the property to make it readily accessible to and usable by individuals with disabilities to the extent required by the ADA, and the closing of the Property until such time as the required modifications are completed.

    WHEREFORE, Plaintiff, Daniel Lugo, requests that the Court issue a permanent

injunction enjoining Defendant, Somerset Shoppes Fla, LLC, from continuing its discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject Property to make it readily accessible to and usable by individuals with disabilities to the full extent required by the ADA, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

s/Drew M. Levitt
DREW M. LEVITT, ESQ.
Florida Bar No. 782246
E-mail: dml2@bellsouth.net
LEE D. SARKIN, ESQ.
Florida Bar No. 962848
E-mail: lsarkin@aol.com
4700 N.W. Boca Raton Boulevard
Suite 302
Boca Raton, Florida 33431
Telephone (561) 994-6922
Facsimile  (561) 994-0837