UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-81136-CV-KAM

**DANIEL LUGO**

        Plaintiff,

-v-

**SOMERSET SHOPPES FLA, LLC**,

        Defendants.

_____|

**ANSWER AND AFFIRMATIVE DEFENSES**

**DEFENDANT, SOMERSET SHOPPES FLA, LLC**, through undersigned Counsel, in answer to the complaint herein says:

    1. Defendant admit the jurisdiction of the court over actions under U.S.C. 12181 et seq., as alleged in paragraph 1 of the compliant, but denies the remainder of the allegations of paragraph 1.

    2. Defendant admits it owns and manages the shopping center described in paragraph 4 of the complaint, as alleged in paragraph 2 of the compliant.

    3. Defendant is without knowledge of the Plaintiff's alleged disabilities or his future intentions, as alleged in paragraph 3, and demands strict proof thereof; and denies the remainder of the allegations therein.

    4. Defendant admits the allegations of paragraph 4 of the complaint.

    5. Defendant admits the allegations of paragraph 5 of the complaint but moves to strike the language regarding Congressional intent as being prejudicial surplusage.

    6. Defendant admits the allegations of paragraph 6 of the complaint.

    7. Defendant admits the allegations of paragraph 7 of the complaint.

    8. Defendant admits that certain parts of the subject property is a public accommodation, but denies that all of it is.

    9. Defendant is without knowledge of whether Plaintiff has ever "accessed" or attempted to "access" the subject property as alleged in paragraph 9, and demands strict proof thereof; and denies that he was prevented from doing so or limited in his access.

10. Defendant is without knowledge of Plaintiff's future intentions as alleged in paragraph 10, and demands strict proof thereof; and if he does in the future seek to visit the subject property or utilize the goods, services, facilities, privileges, advantages and accommodations therein denies that he will be prevented from doing so or limited in his access.

11. Defendant denies the allegations of paragraph 11 of the complaint.

12. Defendant denies the allegations of paragraph 12 of the complaint.

13. There is no paragraph 13 in the complaint and this sentence is inserted for purposes of avoiding numerical confusion.

14. Paragraph 14 sets forth a claim for relief and therefore need not be admitted or denied, however Defendant asserts that the complaint fails to allege grounds for such relief and so paragraph 14 should be stricken or denied.

15. Defendant denies the allegations of paragraph 15 of the complaint.

16. Defendant denies the allegations of paragraph 16 of the complaint.

17. Defendant denies the allegations of paragraph 17 of the complaint.

18. The allegations of paragraph 18 are admitted as to the Court's statutory jurisdiction, but it is denied that the exercise of such power is appropriate in this case, or that there is a case or controversy between Plaintiff and Defendant cognizable under Art III of the United States Constitution.

**WHEREFORE,** Defendant moves the court dismiss the Plaintiff's claims or enter judgment denying same, and award Defendant its costs and reasonable attorney fees and litigation expenses as provided by 42 U.S. §12205.

## AFFIRMATIVE DEFENSES

**DEFENDANT, SOMERSET SHOPPES, FLA, LLC**, through undersigned Counsel, in further answer to the Complaint herein, says:

### I. LACK OF INDIVIDUAL STANDING

Notwithstanding the Constitutional and statutory requirement that Plaintiff has the burden of proving standing, Defendant further affirmatively asserts that Plaintiff is without standing to bring this action in that upon information and belief he sought access to Defendants' premises, not for the purposes using the facility in the manner of a bona fide patron or customer but solely for the

purpose of bringing this action and gathering evidence therefore, and as such has no standing to bring this action. Article III of the United States Constitution limits this Court's jurisdiction to "Cases and Controversies" arising under the laws of the United States; and Plaintiff has failed to allege sufficient facts showing a case or controversy between the parties, and have failed to allege sufficient facts to establish Plaintiffs' individual standing. See *Resnick v. Magical Cruise Company. Ltd,* 148 F. Supp.2d 1298, (MD Fla. 2001). *Shotz v. Cates,* 256 F.3d 1077 (2001); *Access Now v. South Florida Stadium Co.,* 161 F.Supp2d 1357 (SD Fla. 2001); *Brother v. CPL Investments, Inc.,* 317 F.Supp2d 1358 (S.D. Fla. 2004),

      **WHEREFORE** the Claims of the Plaintiff should be dismissed.

## II.  LACK OF STANDING FOR PARTICULAR CLAIMS

Notwithstanding the Constitutional and statutory requirement that Plaintiff has the burden of proving its standing, Defendant further affirmatively asserts that Plaintiff lacks standing to bring an action for relief against Defendant for purported discrimination and denial of access to facilities or portion of Defendant's facility (a) from which he did not seek access to or goods and services from; and/or (b) of which he had no knowledge prior to commencement of this action; and/or (c) which are not related to his disabilities. *Access Now , Inc., v. South Florida Stadium Co.,* 161 F.Supp.2d 1249 (S.D. Fla. 2001); *Brother v. CPL Investments, Inc.*, 317 F.Supp2d 1358 (S.D. Fla. 2004

      **WHEREFORE** the Claims of Plaintiff should be dismissed**.**

## III. COMPLIANCE

The subject property was constructed or converted to its present use prior to the effective date of Title III of the ADA, and therefore 42 USC § 12182, *et seq.*, does not require adherence to the published regulations of the Department of Justice for new construction, as apparently alleged by Plaintiff, but only requires owners of public accommodations to "remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, . . . where such removal is readily achievable."

Defendant has removed such barriers, and were in the continuing process of removing same when this action was filed, and such removal has either been or will shortly be completed. Plaintiff could have ascertained these facts had they communicated with Defendants prior to filing suit.

Therefore Plaintiffs' claims for attorney fees and costs should be denied under the authority of *Buckhannon Board & Care Home v. West Virginia Department of Health and Human Resources,* 532 U.S. 855; 121 S.Ct. 1835 (2001). See *Access 4 All, Inc. v. Casa Marina Owner, Inc.,* 458 F.Supp.2d 1359 (SD Fla. 2006)

**WHEREFORE** all Plaintiff's claims for attorney fees, costs and litigation expenses should be denied.

### IV. NOT READILY ACHIEVABLE

While the burden of proving ready achievability of removing any purported barriers is on the Plaintiff, because the allegations of non-compliance are unspecific as to which particular parts of Defendant's property allegedly violate the ADA or how they allegedly deny the individual Plaintiff access and/or how same may be removed; and because Plaintiff contends that there may or may not be additional demands arising after discovery (complaint paragraph 14), it is impossible at this time to determine whether any remedial actions sought by Plaintiff are or are not readily achievable due to the nature, age and structure of the building in which the remediation must be made and in consideration of the cost thereof and the finances and resources available to do so.  For that reason and in an abundance of caution Defendant at this time does not assert the affirmative defense that the relief sought is not readily achievable, but, without waiving the Plaintiff's obligation to so prove same, Defendant reserves the right to raise the affirmative defense if, after taking discovery, it should determine said defense is warranted.

### V.  UNDUE HARDSHIP

Because the allegations of non-compliance are unspecific as to which particular parts of Defendants' property allegedly violate laws and regulations or how they allegedly deny the individual Plaintiff access; and because Plaintiffs contend that there may or may not be additional demands arising after discovery (complaint paragraphs 22, 23), it is impossible to determine at this time whether the remedial actions sought by Plaintiffs would or would not cause undue economic hardship upon Defendant in consideration of the cost thereof and the finances and resources available to do so and/or would risk destruction of the economic viability of Defendants' business; and therefore in an abundance of caution Defendant does not at this time assert, but reserve the right to assert the statutory defense that the relief sought would cause them undue hardship if, after taking discovery, it should determine said defense is warranted.

## VI. HEALTH AND SAFETY

Because the allegations of non-compliance are unspecific as to which particular parts of Defendants' property allegedly violate laws and regulations or how they allegedly deny the individual Plaintiff access; and because Plaintiff contends that there may or may not be additional demands arising after discovery (complaint paragraphs 22, 23), it is impossible to determine at this time whether the remedial actions sought by Plaintiff would or would not cause unreasonable risk to the safety or health of others or would violate the health and safety laws applicable to Defendant's facility; and therefore in an abundance of caution Defendant reserves the right to assert the statutory defense that the relief sought would cause unreasonable risk to the safety or health of others or would violate the health safety, building or land use laws of the jurisdiction in which it is located.

## VI. NON-RECOVERABLE ATTORNEY FEES

On information and belief, Plaintiff is engaged in a scheme of filing unjustified law suits against Florida Businesses for his own financial gain. Such suits are contrary to Florida law and public policy and attorney fee agreements made in furtherance thereof are unenforceable as likewise being contrary to law and public policy.

**WHEREFORE** Plaintiff's claim for attorney's fees and litigation expenses should be denied.

## VII. UNCLEAN HANDS

**PLAINTIFF** seeks only the equitable relief permitted under the law. 42 USC §12188. The "enforcement" provisions of the ADA, 42 USC §12212 expresses Congress' and the ADA policy generally of preferring "alternative means of dispute resolution," rather than litigation. However Plaintiff has acted inequitably in that he has precipitously filed suit without giving Defendant prior notice or complaint so as to allow voluntary removal of barriers or alternate facilitation of access; and without his first attempting to seek non-judicial compliance or relief; and without seeking the non-judicial remedies available under Federal or Florida law; to the prejudice of Defendants and contrary to the spirit and letter of the ADA, which encourages non-judicial remedies. Plaintiff's inequitable conduct as related above is consistent with his conduct in some 16 almost identical cases seeking relief under Title III of the ADA filed by him, represented by the same attorneys, in this court in the past eight months, also without prior notice or complaint to the defendants. Those who seek equity must do equity. *McQuiddy v Ware* 87 US 14 (1873); *In Re MacNeal*, 393 BR 805 (SD

Fla. 2008). Plaintiff's preference for expensive litigation rather than alternative means of dispute resolution is contrary to the intent of Congress – whom he quotes so extensively in his complaint – and therefore contrary to principles of equity.

**WHEREFORE THIS** Court should deny or limit Plaintiff's claims for attorney fees and litigation expenses as equity requires.

**Dated** this November 2, 2011.

*S/ Matt Weinstein*
**MATT WEINSTEIN,** fbn 113320
Attorney for Defendant
9200 So. Dadeland Blvd., Suite 400
Miami, FL 33156
ph:(305) 670-5200; fax: (305) 670-5210

### Certificate of Service

I hereby certify that on November 2, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. And a copy is being served this day in the manner shown on all counsel of record or *pro se* parties identified on the below or attached Service List.

*S/ Matt Weinstein*
MATT WEINSTEIN, attorney for Defendants

### Service List

Via CM/ECF:
Drew Levitt, Esq.,
4700 No. Boca Raton Blvd., Suite 302
Boca Raton, FL 33431